UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY ANN GASCHO,

        Plaintiff,

                                                                          Case Number 08-10955-BC
v.                                                           Honorable Thomas L. Ludington

SCHEURER HOSPITAL,

        Defendant.
_____ /

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS, DISMISSING
PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE, DENYING AS MOOT
DEFENDANT'S MOTION TO DISMISS, AND CANCELING HEARING**

On March 6, 2008, Plaintiff Mary Ann Gascho ("Plaintiff") filed a complaint against Defendant Scheurer Hospital ("Defendant" or "Hospital"). There, Plaintiff requested the rescission of a settlement agreement in which she waived claims against Defendant, her former employer, and advanced claims of sexual harassment or employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq., retaliation for exercise of her rights under Title VII and the ELCRA, and breach of contract.

On April 25, 2008, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant argued that Plaintiff had not tendered back the consideration received under a settlement agreement, as required under *Stefanac v. Cranbrook Educational Community*, 458 N.W.2d 56, 60 (Mich. 1990). On July 17, 2008, in lieu of a hearing on Defendant's motion, counsel for the parties met for a status conference. There, they agreed to meet and confer regarding the amount that Plaintiff must tender back to Defendant in order to pursue claims

predicated on the rescission of a settlement agreement with Defendant. During a telephonic status conference on October 1, 2008, the parties represented to the Court that Plaintiff had tendered the necessary amount into an escrow account.

On September 10, 2008, Plaintiff filed a motion to amend the complaint to, inter alia, add her ex-husband, Dwight Gascho ("Gascho"), as a Defendant, and to add a paragraph to reflect the fact that Plaintiff had tendered the consideration that she received under the release into escrow. On October 20, 2008, the Court denied Plaintiff leave to amend the complaint in order to add Gascho as a Defendant to her state law claims because to do so would be futile. Under Michigan law, Plaintiff did not have a "grace period" in which to tender back the consideration, *Stefanac*, 458 N.W.2d at 60, and an offer of tender in an amended complaint does not "relate back to the filing of [the] original complaint." *Rinke v. Auto. Moulding Co.*, 573 N.W.2d 344, 347 (Mich. Ct. App. 1997).

However, the Court noted that federal law, not Michigan law, controlled whether Plaintiff must have tendered back the consideration with the original complaint to maintain claims under Title VII. The Court found that, even assuming that federal law requires that Plaintiff tender back the consideration that she received under the release, federal law does not require that the tender back be before, or contemporaneous with, the filing of the original complaint. Ultimately, however, the Court did not allow Plaintiff to add Gascho as a defendant to her Title VII claims because Title VII does not provide for individual liability.

On October 23, 2008, Plaintiff filed an amended complaint, reflecting that she had tendered back the consideration that she received under the release. On November 7, 2008, Defendant filed a partial motion to dismiss [Dkt. # 27], seeking dismissal of Plaintiff's state law claims, which is

now before the Court. On November 26, 2008, Plaintiff filed a response, acknowledging that the Court's order dated October 23, 2008, found that Plaintiff's state law claims were not viable because Plaintiff had failed to tender back the consideration that she received under the release before, or contemporaneous with, her filing of the original complaint.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2). Consistent with the Court's order dated October 23, 2008, the Court will dismiss Plaintiff's state law claims. Additionally, the Court will deny as moot Defendant's motion to dismiss filed on April 25, 2008, because that motion addresses the same issue and Plaintiff has since filed an amended complaint.

Accordingly, it is **ORDERED** that Defendant's partial motion to dismiss [Dkt. # 27] is **GRANTED** and Plaintiff's state law claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's motion to dismiss [Dkt. # 6] is **DENIED AS MOOT**.

It is further **ORDERED** that the hearing scheduled for January 16, 2009, is **CANCELED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: January 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2009.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS